UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DePARRIS PRATT, )
)
        Plaintiff, )
)
   v. ) CAUSE NO. 3:17-CV-436 RLM
)
)
JULIE LAWSON, et al., )
)
        Defendants. )

## OPINION AND ORDER

DeParris Pratt, a prisoner without a lawyer, filed an amended complaint naming eleven defendants. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, the court must review prisoner complaints pursuant to 28 U.S.C. § 1915A.

Mr. Pratt was a pre-trial detainee housed at the St. Joseph County Jail. Before his arrest, Mr. Pratt was in an automobile accident that caused "foot drop" and impacted his ability to walk. According to Mr. Pratt, Warden Lawson was made aware of this injury in October of 2016. In light of this disability, Mr. Pratt believes that he should have been housed in a lower level housing unit. But, "the Constitution does not mandate comfortable prisons . . .." Rhodes v. Chapman, 452 U.S. 337, 349 (1981). Conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to

the level of Constitutional violations. Adams v. Pate, 445 F.2d 105, 108-109 (7th Cir. 1971).

> Conditions of confinement must be severe to support an Eighth Amendment claim;[1] "the prison officials' act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" Farmer [v. Brennan, 511 U.S. 825, 834 (1994)] (*quoting* Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). *See also,* Lunsford v. Bennett, 17 F.3d 1574, 1579 (7th Cir. 1994) (the Eighth Amendment only protects prisoners from conditions that "exceed contemporary bounds of decency of a mature, civilized society."); Jackson [v. Duckworth,] 955 F.2d [21,] 22 [(7th Cir. 1992)].

Morissette v. Peters, 45 F.3d 1119, 1123 (7th Cir. 1995) (parallel citations omitted). Although residing on an upper floor might have been inconvenient or unpleasant for Mr. Pratt, he hasn't alleged facts demonstrating that it denied him the minimal civilized measure of life's necessities. He has also not alleged that any doctor or other medical professional said he needed to be housed on the lower level, and there are no other facts alleged from which it can be plausibly inferred that Warden Lawson was deliberately indifferent to his needs.

Several months after Warden Lawson was made aware of Mr. Pratt's disability, Mr. Pratt slipped in a puddle that formed outside his cell, fell, and became unconscious. Mr. Pratt has sued four maintenance workers for failing to place a sign in the area warning that the floor was wet, but this doesn't state

---

[1] Mr. Pratt was a pre-trial detainee when these events occurred. "Although the Eighth Amendment applies only to convicted persons, pretrial detainees . . . are entitled to the same basic protections under the Fourteenth Amendment's due process clause. Accordingly, [courts] apply the same legal standards to deliberate indifference claims brought under either the Eighth or Fourteenth Amendment." Minix v. Canarecci, 597 F.3d 824, 831 (7th Cir. 2010). *See also* Phillips v. Sheriff of Cook Cty., 828 F.3d 541, 554 n. 31 (7th Cir. 2016) (clarifying that Kingsley v. Hendrickson, 576 U.S. __, __; 135 S.Ct. 2466 (2015) didn't change the applicability of the Eighth Amendment standard to pre-trial detainee deliberate indifference claims).

2

a claim, either. He can't recover on the basis of a mere slip and fall. "[S]lippery surfaces and shower floors in prison, without more, cannot constitute a hazardous condition of confinement." Pyles v. Fahim, 771 F.3d 403, 410-411 (7th Cir. 2014).

Mr. Pratt also sues Nurse Becky because she didn't immediately call for an ambulance upon learning that Mr. Pratt had fallen and was unconscious, and he sues Nurse Nacy because, when he was unconscious, she improperly administered smelling salts by covering his mouth and pouring something down his nose. In medical cases, the Constitution is violated only when a defendant was deliberately indifferent to an inmate's serious medical needs. Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). For a medical professional to be held liable for deliberate indifference to a serious medical need, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Jackson v. Kotter, 541 F.3d 688, 697 (7th Cir. 2008). An inmate who has received some form of treatment for a medical condition must show that the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate his condition." Id. Mr. Pratt received medical care from Nurse Nacy immediately after he fell, and Nurse Becky called for an ambulance about an hour and a half after Mr. Pratt fell. It cannot be plausibly inferred from the facts in the complaint that either Nurse Becky or Nurse Nacy were indifferent to Mr. Pratt's medical needs.

After he was conscious, Nurse Becky allowed Mr. Pratt to be carried down the stairs. Sgt. Omstead, Deputy Wikins, and Lt. Holveot participated in the attempt to carry Mr. Pratt. After only a few steps, they dropped him. Mr. Pratt sues Nurse Becky, Sgt. Omstead, Deputy Wikins, and Lt. Holveot for their role in carrying and dropping him, but he hasn't alleged facts that would show that any of these individuals were deliberately indifferent to his needs. "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted). Mere negligence "does not violate the Constitution, and it is not enough that he or she should have known of a risk." Pierson v. Hartley, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). Deliberate indifference requires a showing that the defendant "actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless." Id. It isn't enough to show that a defendant merely failed to act reasonably. Gibbs v. Franklin, 49 F.3d 1206, 1208 (7th Cir. 1995). Even incompetence doesn't state a claim of deliberate indifference. Walker v. Peters, 233 F.3d 494 (7th Cir. 2000). At most, Mr. Pratt has alleged incompetence, and his allegations against Nurse Becky, Sgt. Omstead, Deputy Wikins, and Lt. Holveot for their role in carrying and dropping him don't state a claim.

Mr. Pratt also alleges that, at some point during the encounter, Lt. Holveot and Deputy Wikins made racist remarks toward him. It would be hard to envision a permissible reason for making racist remarks when dealing with an inmate with a medical issue, but mere verbal harassment doesn't state a claim under the federal Constitution. See DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000) (rude language or verbal harassment by prison staff "while unprofessional and deplorable, does not violate the Constitution.").

Mr. Pratt also alleges that Deputy Wikins punched him in the chest with a closed fist while he was handcuffed and unable to talk or move. Prison guards can't use excessive force against pre-trial detainees for the purpose of punishment. See Kingsley v. Hendrickson, 576 U.S. __, __; 135 S.Ct. 2466 (2015) (holding that "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable."). Taking Mr. Pratt's allegations as true and giving him the inferences to which he is entitled at this stage of the proceedings, he has alleged a plausible excessive force claim against Deputy Wikins.

Once at the hospital, Mr. Pratt was diagnosed with a concussion and given muscle relaxants and pain medication, but Mr. Pratt didn't get those medications upon his return to the jail. He doesn't say which defendant is responsible for him not receiving his medications, or how long the medications were withheld. He lists several medications that he is taking now, but it isn't clear if those are the same medications that were withheld when he returned to

the jail. This allegation is too vague to state a claim upon which relief can be granted.

He also sues unidentified members of the St. Joseph County Jail Staff. This type of unnamed defendant must be dismissed because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." Wudtke v. Davel, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted).

Lastly, Mr. Pratt filed a motion seeking entry of default against the defendants because they haven't filed an answer. Under 42 U.S.C. § 1997e(g)(2), the defendants didn't have to file an answer until ordered to do so after the court has screened the case as required by 28 U.S.C. § 1915A. Because no defendant has been served with Mr. Pratt's complaint, no defendant is in default and the motion for entry of default must be denied.

For these reasons, the court:

(1) DENIES the Motion for Entry of Default (ECF 13);

(2) GRANTS DeParris Pratt leave to proceed against Deputy Wikins in his individual capacity for using excessive force by punching Mr. Pratt while he was handcuffed on March 5, 2017;

(3) DISMISSES all other claims;

(4) DISMISSES Warden Julie Lawson, Nurse Becky, Nurse Nacy, Sgt. Omstead, Lt. Holveot, Maintenance Worker Erine, Maintenance

Worker Joe, Maintenance Worker Mark, Maintenance Worker Alfonso, and the St. Joseph County Jail Staff;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Deputy Wikins with a copy of this order and the amended complaint (ECF 6) at the St. Joseph County Jail as required by 28 U.S.C. § 1915(d); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Deputy Wikins respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: December 18, 2017

/s/ Robert L. Miller, Jr.
Judge
United States District Court