UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DePARRIS PRATT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 3:17-CV-436-RLM-MGG |
| | ) |
| | ) |
| JULIE LAWSON, et al., | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

DeParris Pratt, a prisoner without a lawyer, filed a second amended complaint (ECF 24) naming ten defendants. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, the court must review prisoner complaints pursuant to 28 U.S.C. § 1915A.

During the time period relevant to this complaint, Mr. Pratt was a pre-trial detainee housed at the St. Joseph County Jail. Mr. Pratt has had trouble walking since before he arrived at the jail, and Warden Julie Lawson has been aware of his condition since at least October 2016. In October 2016, Mr. Pratt saw a doctor at the jail about his difficulty walking, and he was authorized to use the gym shoes he was wearing when he arrived at the jail, subject to Warden Lawson's approval. In November 2016, Mr. Pratt met with Warden

Lawson and explained why he needed his gym shoes, telling her that he couldn't go up and down the stairs, and that the doctor who helped him get disability benefits said he should not use stairs and should be housed on the first floor range. Warden Lawson knew that Mr. Pratt had a medical need to be housed on the first floor, but she wouldn't move him to the first floor range. As a result, he missed meals, church services, and medication. He explained to Warden Lawson that he was missing meals and medication because he couldn't walk down the stairs, but still he wasn't moved. On October 31, 2017, Dr. Liaw ordered that Mr. Pratt wasn't to walk stairs and needed to be housed in the bottom bunk. (ECF 24 at 21.) Even after that order, Mr. Pratt remained housed on a second floor unit. (ECF 24 at 23.)

Prison officials only violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. <u>Greeno v. Daley</u>, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known

2

that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. at 841. In light of Warden Lawson's refusal to move Mr. Pratt to a first floor housing unit despite knowledge of his condition, it is plausible to infer that Warden Lawson was deliberately indifferent to his needs after she became aware of the need in October of 2016 through at least December of 2017.[1] Mr. Pratt may proceed against Warden Lawson in her individual capacity for compensatory and punitive damages on this claim.[2]

Several months after Warden Lawson was made aware of Mr. Pratt's disability, on March 5, 2017, Mr. Pratt slipped in a puddle that formed outside his cell, fell, and became unresponsive. The ceiling had been leaking when it rained for approximately two weeks. The maintenance team was aware of the leak but hasn't yet fixed it. (ECF 24 at 18.) In his second amended complaint,

---

[1] Mr. Pratt also alleges that Warden Lawson denied him first floor housing because he had filed grievances. It would, however, be redundant to allow him to proceed on a retaliation claim in addition to his Eighth Amendment claim. *See* Williams v. Snyder, 150 F. App'x 549, 552 (7th Cir. 2005) ("The remainder of Williams's substantive legal theories . . . warrant little discussion [b]ecause they all involve the same set of facts . . . they would be redundant even if we found that he stated a claim."); Conyers v. Abitz, 416 F.3d 580, 586 (7th Cir. 2005) (dismissing claims based on same circumstances because the claim "gains nothing by attracting additional constitutional labels"); and Graham v. Connor, 490 U.S. 386, 395 (1989) (analyzing allegations under the most "explicit source[s] of constitutional protection.").

[2] While it is unclear if or when Mr. Pratt was moved to first floor housing, his complaint seeks only monetary damages and an apology. He hasn't asked that Warden Lawson be required to grant him first floor housing.

3

Mr. Pratt has again sued four maintenance workers for failing to put a sign in the area warning that the floor was wet, but Mr. Pratt has already been told that this doesn't state a constitutional claim on which relief can be granted. He can't recover on the basis of a mere slip and fall. "[S]lippery surfaces and shower floors in prison, without more, cannot constitute a hazardous condition of confinement." Pyles v. Fahim, 771 F.3d 403, 410-411 (7th Cir. 2014). Mr. Pratt has not alleged facts that suggest that the maintenance workers were deliberately indifferent to his safety by failing to either repair a ceiling that leaked when it rained within two weeks of when the problem developed or warn that the floor was wet. *But see* Anderson v. Morrison, 835 F.3d 681, 683 (7th Cir. 2016)(finding that Anderson stated a claim against a guard who refused his request for assistance and forced him to traverse 13 stairs "clogged with several days' of accumulated food and rubbish" while handcuffed behind the back). Mr. Pratt hasn't alleged anything more than a slippery floor, and these allegations don't state a claim.

Mr. Pratt also sues Nurse Nacy because, when he was unresponsive,[3] she improperly administered smelling salts by covering his mouth and pouring the smelling salts down his nose. He sues Nurse Becky because she was there and allowed the smelling salts to be administered improperly without intervening. In medical cases**,** the Constitution is violated only when a defendant is deliberately indifferent to an inmate's serious medical needs. Gutierrez v.

---

[3] Mr. Pratt indicates that, although he was unable to respond or move, he was able to see and hear. (ECF 24 at 15.)

4

Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). For a medical professional to be held liable for deliberate indifference to a serious medical need, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Jackson v. Kotter, 541 F.3d 688, 697 (7th Cir. 2008). An inmate who has received some form of treatment for a medical condition must show that the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate his condition." *Id.* Mr. Pratt received medical care from Nurse Nacy immediately after he fell. While he alleges that Nurse Nacy administered the smelling salts inappropriately, no alleged facs that suggest she had any intention other than to rouse the unresponsive Mr. Pratt. And there are no facts alleged showing that, when Nurse Nacy improperly administered the smelling salts, Nurse Becky had a realistic opportunity to intervene. By Mr. Pratt's own account, his mouth was being covered for only 45-60 seconds. It can't be plausibly inferred from the facts in the complaint that Nurse Nacy was indifferent to Mr. Pratt's medical needs when administering smelling salts to him, or that Nurse Becky is liable for failing to intervene due to the way the smelling salts were administered. These allegations don't state a claim on which relief can be granted.

Mr. Pratt also alleges that, upon being notified that he had fallen and was unresponsive, Nurse Becky, Nurse Nacy, and Lt. Holveot should have immediately called for an ambulance. Instead, Nurse Becky waited an hour and

5

a half before calling for an ambulance. A delay in providing treatment can constitute deliberate indifference when it causes unnecessary pain or suffering, Arnett v. Webster, 658 F.3d 742, 752-753 (7th Cir. 2011), no facts alleged in the amended complaint suggest the one and a half hour delay was the result of deliberate indifference. Mr. Pratt won't be permitted to proceed on this claim.

When Mr. Pratt fell, Lt. Holveot, Deputy Wikins, and Sgt. Omstead believed that Mr. Pratt was faking his injuries. Deputy Wikins kicked him, then both Deputy Wikins and Lt. Holveot stood on one of Mr. Pratt's legs, causing great pain. At one point, Sgt. Omstead took over for Lt. Holveot, placing his foot on Mr. Pratt's leg. A pretrial detainee alleging excessive force must allege "only that the force purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. __, 135 S.Ct. 2466, 2472-2473 (2015). It can be plausibly inferred that there was no legitimate purpose for standing on Mr. Pratt's legs while he was unresponsive. Mr. Pratt has adequately alleged an excessive force claim against Lt. Holveot[4], Deputy Wikins, and Sgt. Omstead, and he may proceed against them on this claim.

Mr. Pratt asserts that, when incidents such as this occur, the jail's policy is to record the events. Sgt. Omstead was recording the incident, but he stopped at Lt. Holveot's direction. Mr. Pratt notes that Sgt. Omstead broke jail rules. Violation of jail policies doesn't amount to a constitutional claim. Scott v.

---

[4] Mr. Pratt further alleges that Lt. Holveot stood on his leg in a way that produced great pain because Mr. Pratt had filed a grievance against him. As noted previously, it would be redundant to allow Mr. Pratt to proceed on a retaliation claim when he has already been granted leave to proceed on an Eighth Amendment claim. *See* Williams v. Snyder, 150 F. App'x at 552; Conyers v. Abitz, 416 F.3d at 586; and Graham v. Connor, 490 U.S. at 395.

Edinburg, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices."). Mr. Pratt has no constitutional right to a recording of the incident, even if jail policy provided that a recording should have been made. Therefore, this doesn't state a constitutional claim on which relief can be granted.

Next, Mr. Pratt alleges that his rights were violated when Nurse Becky and Nurse Nacy allowed Mr. Pratt to be carried down the stairs without a flat board or neck restraint even though he had suffered a neck injury. Mr. Pratt alleges that Sgt. Omstead, Deputy Wikins, and Lt. Holveot violated his rights when, after carrying him only a few steps, they dropped him. Mr. Pratt hasn't alleged facts that support an inference that any of these individuals were deliberately indifferent to his medical needs. "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnam, 394 F.3d at 478 (quotation marks, brackets, and citation omitted). Mere negligence "does not violate the Constitution, and it is not enough that he or she should have known of a risk." Pierson v. Hartley, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). Deliberate indifference requires a showing that the defendant "actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless." *Id.* It isn't enough to show that a defendant merely

7

failed to act reasonably. Gibbs v. Franklin, 49 F.3d 1206, 1208 (7th Cir. 1995). Even incompetence doesn't state a claim of deliberate indifference. Walker v. Peters, 233 F.3d 494 (7th Cir. 2000). Mr. Pratt has, at most, alleged incompetence, and his allegations of deliberate indifference to his medical needs against Nurse Becky, Nurse Nacy, Sgt. Omstead, Deputy Wikins, and Lt. Holveot for their role in him being carried and dropped don't state a claim. But Mr. Pratt alleges Deputy Wikins dropped him on purpose, so he will be allowed to proceed against Deputy Wikins on an excessive force claim.

Mr. Pratt has also alleged that, throughout the encounter, Lt. Holveot and Deputy Wikins made racist remarks toward him. As explained in the court's previous order, mere verbal harassment doesn't state a claim. *See* DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000) (rude language or verbal harassment by prison staff "while unprofessional and deplorable, does not violate the Constitution.").

Mr. Pratt also alleges that Deputy Wikins punched him in the chest with a closed fist while he was handcuffed and unable to talk or move. Prison guards cannot use excessive force against pre-trial detainees for the purpose of punishment. *See* Kingsley v. Hendrickson, 135 S.Ct. at 2472-2473 (2015). Taking Mr. Pratt's allegations as true and giving him the inferences to which he is entitled at this stage of the proceedings, he has alleged a plausible excessive force claim against Deputy Wikins.

Once at the hospital, Mr. Pratt was diagnosed with a concussion and given two different medications. Upon his return to the jail, Nurse Becky and

8

Nurse Nacy wouldn't allow him to have the medications the doctor prescribed at the hospital. He alleges that Nurse Nacy was aware of how much pain he was in, but still wouldn't provide the medication. In fact, he says, when he told her he was hurting, Nurse Becky laughed and said she didn't care. Nurse Nacy likewise told him that they wouldn't order the medication even though he was in pain. Mr. Pratt isn't entitled to specific medication, but he is entitled to have complaints of severe pain addressed. Ciarpaglini v. Saini, 352 F.3d 328, 331 (7th Cir. 2003). It can be plausibly inferred that the medications Mr. Pratt was denied were pain medications, and that Mr. Pratt was denied both the medication ordered at the hospital and alterative medication to assist in managing his pain. These allegations state a claim against Nurse Becky and Nurse Nacy for deliberate indifference to a serious medical need, in violation of the Eighth Amendment.

Lastly, Mr. Pratt has filed several motions (ECF 26, 27, 28 and 30) seeking to move his case forward. While Mr. Pratt is unhappy with the delays that have occurred in this case, he has now filed three separate complaints and the court has screened each one. Certainly this case is important, but all cases filed in this court are important. This isn't the only pending case. It takes time to accurately review and justly rule on each filing. Reviewing the substance of filings is delayed by unnecessary motions like these. If Mr. Pratt wants to know the status of this case, he merely needs to send the clerk a letter asking for a docket sheet. Mr. Pratt's motions seeking to speed this case along will be denied.

For these reasons, the court:

(1) DENIES the "Motion for Reply to 1983 Amendant [sic] Complaint Form" (ECF 26), "Motion Requesting Scheduling Cases for Hearing Rule 40 and Status of Proceeding Claim" (ECF 27), "Motion to Proceed with New Amendant [sic] 1983 Prison Complaint Without Delay" (ECF 28); and "Motion Requesting Proceed of Court Scheduling Order" (ECF 30);

(2) GRANTS DeParris Pratt leave to proceed against Warden Lawson in her individual capacity for compensatory and punitive damages for deliberate indifference to his medical need to be housed on the first floor from October of 2016 until at least December of 2017, in violation of the Eighth Amendment;

(3) GRANTS DeParris Pratt leave to proceed against Lt. Holveot in his individual capacity for compensatory and punitive damages for using excessive force by standing on Mr. Pratt's leg while he was unresponsive on March 5, 2017, in violation of the Eighth Amendment;

(4) GRANTS DeParris Pratt leave to proceed against Sgt. Omstead in his individual capacity for compensatory and punitive damages for using excessive force by standing on Mr. Pratt's leg while he was unresponsive on March 5, 2017, in violation of the Eighth Amendment;

(5) GRANTS DeParris Pratt leave to proceed against Deputy Wikins in his individual capacity for compensatory and punitive damages for using excessive force by kicking Mr. Pratt and standing on his leg while

he was unresponsive, punching Mr. Pratt while he was handcuffed, and intentionally dropping Mr. Pratt on March 5, 2017, in violation of the Eighth Amendment;

(6) GRANTS DeParris Pratt leave to proceed against Nurse Becky and Nurse Nacy for deliberate indifference to his need for pain relief following his return from the hospital, in violation of the Eighth Amendment;

(7) DISMISSES all other claims;

(8) DISMISSES Maintenance Worker Erine, Maintenance Worker Joe, Maintenance Worker Mark, and Maintenance Worker Alfonso;

(9) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Warden Julie Lawson, Nurse Becky, Nurse Nacy, Deputy Wikins, Lt. Holveot, and Sgt. Omstead with a copy of this order and the second amended complaint (ECF 24) at the St. Joseph Sheriff's Department as required by 28 U.S.C. § 1915(d); and

(10) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Warden Julie Lawson, Nurse Becky, Nurse Nacy, Deputy Wikins, Lt. Holveot, and Sgt. Omstead respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 3, 2018

          s/ Robert L. Miller, Jr.
          JUDGE
          UNITED STATES DISTRICT COURT